UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MT HOLLY CITIZENS IN ACTION,
INC., et al.,

        Plaintiffs,

    v.

TOWNSHIP OF MOUNT HOLLY,
INC., et al.,

        Defendants.

Civil Action No.
**08-2584 (NLH)**

**OPINION**

**Appearances:**

DOUGLAS E. GERSHUNY, EXEC. DIR.
OLGA D. POMAR
DAVID M. PODELL
SOUTH JERSEY LEGAL SERVICES, INC.
745 MARKET STREET
CAMDEN, NJ 08102
*Attorneys for Plaintiffs*

R. WILLIAM POTTER
POTTER & DICKSON
194 NASSAU STREET
PRINCETON, NJ 08542
*Attorney for Plaintiffs*

SUSAN ANN SILVERSTEIN
AARP FOUNDATION LITIGATION
601 E STREET, NW
WASHINGTON, DC 20049
*Attorney for Plaintiffs*

GAETANO MERCOGLIANO
SWEENEY & SHEEHAN
216 HADDON AVENUE, SUITE 500
WESTMONT, NJ 08108
*Attorney for Defendant Triad Associates, Inc.*

M. JAMES MALEY

```
MALEY & ASSOCIATES
931 HADDON AVENUE
COLLINGSWOOD, NJ 08108
```
*Attorney for Defendant Mount Holly Township, et al.*

```
WILLIAM J. DESANTIS
BALLARD SPAHR ANDREWS & INGERSOLL LLP
PLAZA 1000 - SUITE 500
MAIN STREET
VOORHEES, NJ 08043
```
*Attorney for Defendant Keating Urban Partners, L.L.C.*

**HILLMAN, District Judge**

This matter comes before the Court upon Plaintiffs' "Motion to Amend and Supplement Complaint," the substance of which indicates that it is a motion to amend pursuant to Fed. R. Civ. P. 15(a)(2).  For the reasons below, Plaintiffs' motion to file a second amended complaint is granted in part and denied in part.  Plaintiffs may file the proposed second amended complaint submitted in conjunction with their motion, but must delete Counts 10 and 11, which have already been dismissed by this Court.

**BACKGROUND AND PROCEDURAL POSTURE**

Plaintiffs filed their initial complaint in this Court on May 27, 2008.  Pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiffs filed an amended complaint on June 10, 2008.  Defendants moved to dismiss the amended complaint, and in an opinion dated October

28, 2008, this Court ruled on the jurisdictional issues raised in the motions to dismiss.

The Court in that opinion withheld judgment on the substantive issues raised in the motions to dismiss because of factual developments that had occurred in the interim.  On September 29, 2008, counsel for the Township informed this Court that the Township had invalidated the redevelopment plan challenged in the amended complaint with the passage of a revised redevelopment plan on September 22, 2008.  Plaintiffs subsequently filed a motion seeking leave to file an amended complaint, accompanied by a proposed second amended complaint.

Plaintiffs' proposed second amended complaint contains several substantive changes from the first amended complaint.[1]  First, the second amended complaint makes changes to the factual allegations and existing legal claims directly affected by the passage of the revised redevelopment plan.  Second, the second amended complaint adds a new count alleging violations of the Local Redevelopment and Housing Law, N.J.S.A. 40A:12A-1 et seq., stemming from the passage of the revised redevelopment plan.  Third, the second amended complaint clarifies some factual

---

[1] The second amended complaint also proposes several minor changes that are unopposed by defendants.  These include the addition and subtraction of individual plaintiffs, as well as the substitution of Mount Holly Township's current mayor for its former mayor.

allegations that were not affected by the passage of the revised redevelopment plan. These include allegations regarding Defendant Triad's role in developing a workable relocation assistance program and the alleged inadequacy of the relocation assistance provided.

## STANDARD

Fed. R. Civ. P. 15(a) governs amendments of pleadings before trial. A party may amend a pleading once as of right before a response has been served, or within 20 days after serving if no response is permitted. Fed. R. Civ. P. 15(a)(1). If the party cannot amend as of right under Rule 15(a)(1), then an amended pleading may only be filed with the opposing party's permission or with leave of the court. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) states that "[t]he court should freely give leave when justice so requires."

The Supreme Court has emphasized that the liberal spirit embodied in the language of Rule 15(a)(2) is to be followed by the courts. In Foman v. Davis, 371 U.S. 178 (1962), the Court explained Rule 15(a) thusly:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires;' this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or

> circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'

Foman, 371 U.S. at 182.  The Third Circuit has interpreted Foman to mean that "[o]nly when these factors suggest that amendment would be 'unjust' should the court deny leave."  Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006).

## **ANALYSIS**

As a preliminary matter, this Court must address the effect of its October 28, 2008 opinion, which was filed after Plaintiffs moved to amend their complaint.  The opinion dismissed as unripe Plaintiffs' takings claims, included in the proposed second amended complaint as Counts 10 and 11.  Plaintiffs thus may not include those counts in a second amended complaint.  However, Plaintiffs' motion to file a second amended complaint is granted in all other respects.

Defendant Triad argues that Plaintiffs should not be permitted to amend their complaint insofar as Plaintiffs seek to clarify their allegations against Triad and amend their Prayer

for Relief to refer to the inadequacy of the relocation assistance provided.  However, Triad cites no legal authority to support its position, and this Court finds Triad's argument unpersuasive.  In keeping with the liberal standard of Rule 15(a) and <u>Foman v. Davis</u>, this Court denies Triad's opposition to Plaintiffs' motion.

The Township defendants argue that Plaintiffs' motion to amend should be denied in part.  Specifically, they argue that Plaintiffs should not be permitted to include Counts 6, 7, 8, and 9 of the proposed second amended complaint because inclusion of these counts would be futile.  The Township contends that Plaintiffs have failed to state a claim on which relief may be granted in Counts 6, 7, and 8, and that this Court must abstain from hearing the claim set forth in Count 9.

Because this Court believes that the Township's arguments are better addressed in the context of a motion to dismiss, the Township's request is denied.  Plaintiffs may include Counts 6, 7, 8, and 9 in their second amended complaint.  If the Township chooses to file a motion to dismiss these counts at a later date, this Court will consider its arguments at that point.

## **CONCLUSION**

Plaintiffs' motion to file a second amended complaint is granted in part and denied in part.  Plaintiffs may file the

proposed second amended complaint submitted in conjunction with their motion, but must omit any claims that this Court has already dismissed.

                                          /s/ Noel L. Hillman
                                          NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey