UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MT HOLLY CITIZENS IN ACTION,         :
INC., et al.,                        :
                                     :     Civil Action No.
            Plaintiffs,              :     **08-2584 (NLH)(JS)**
                                     :
        v.                           :
                                     :
TOWNSHIP OF MOUNT HOLLY,             :     **MEMORANDUM**
et al.,                              :     **OPINION & ORDER**
                                     :
            Defendants.              :
                                     :

**Appearances:**

DOUGLAS E. GERSHUNY, EXEC. DIR.
OLGA D. POMAR
DAVID M. PODELL
SOUTH JERSEY LEGAL SERVICES, INC.
745 MARKET STREET
CAMDEN, NJ 08102
*Attorneys for Plaintiffs*

R. WILLIAM POTTER
POTTER & DICKSON
194 NASSAU STREET
PRINCETON, NJ 08542
*Attorney for Plaintiffs*

SUSAN ANN SILVERSTEIN
AARP FOUNDATION LITIGATION
601 E STREET, NW
WASHINGTON, DC 20049
*Attorney for Plaintiffs*

GAETANO MERCOGLIANO
SWEENEY & SHEEHAN
216 HADDON AVENUE, SUITE 500
WESTMONT, NJ 08108
*Attorney for Defendant Triad Associates, Inc.*

M. JAMES MALEY
MALEY & ASSOCIATES

931 HADDON AVENUE
COLLINGSWOOD, NJ 08108
*Attorney for Defendant Mount Holly Township, et al.*

WILLIAM J. DESANTIS
BALLARD SPAHR ANDREWS & INGERSOLL LLP
PLAZA 1000 - SUITE 500
MAIN STREET
VOORHEES, NJ 08043
*Attorney for Defendant Keating Urban Partners, L.L.C.*

**HILLMAN, District Judge**

This case having involved the redevelopment of the Mount Holly Gardens neighborhood (the "Gardens") in Mount Holly, New Jersey, with plaintiffs being low-income, African-American, Hispanic and "white" residents of the Gardens, who objected to the plan because they claimed they were being forcibly removed from their homes, which were mainly being replaced with new, much higher-priced market rate homes; and

This present matter having come before the Court on plaintiffs' "motion to stay pending appeal" the Court's January 3, 2011 judgment, in which this Court granted summary judgment in favor of defendants on plaintiffs' claims for violations of Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act or FHA), 42 U.S.C. § 3601 et seq., the Civil Rights Act of 1866, 42 U.S.C. § 1982, the Equal Protection Clause of the U.S. Constitution, brought pursuant to 42 U.S.C. § 1983, and Equal Protection Clause of the New Jersey State Constitution; and

Plaintiffs having requested the stay because defendant Mount Holly Township has indicated its intention to file condemnation

proceedings, pursuant to the Eminent Domain Act, N.J.S.A. 20:3-6, "any day" against the plaintiffs who remain living in the Gardens; and

Plaintiffs having requested a stay of the Court's judgment pursuant to Federal Appellate Rule 8(a)(1), which provides, "A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal," Fed. R. App. P. 8(a)(1); and

Also pursuant to Fed. App. R. 8, plaintiffs having simultaneously filed the same motion before the Court of Appeals, see Fed. R. App. P. 8(a)(2) ("A motion for the relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its judges . . . . The motion must: (i) show that moving first in the district court would be impracticable; or (ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action."); and

Plaintiffs arguing that this Court should stay the January 3, 2011 judgment granting summary judgment in defendants' favor on plaintiffs' claims pending the outcome of their appeal so that they can remain living in their homes until the final adjudication of their claims in the Court of Appeals; and

In determining whether to grant plaintiffs' request, this Court "must examine the same considerations to grant or deny a

motion for an injunction pending appeal as [the court] would for the issuance of a preliminary injunction," which involves the showing of: "(1) likelihood of success on the merits, (2) irreparable injury if the stay is not granted, (3) absence of substantial harm to other interested persons, and (4) absence of harm to the public interest," Hodges v. Brown, 500 F. Supp. 25, 30 (E.D. Pa. 1980), aff'd 649 F.2d 859 (3d Cir. 1981), cert. denied 454 U.S. 820 (1981) (citations omitted); and

This Court having previously issued a decision denying plaintiffs' request for preliminary injunction (See Docket No. 94, Feb. 13, 2009 Opinion); and

At that time, the Court having found that plaintiffs had not satisfied any of the factors warranting the issuance of a preliminary injunction; and

Plaintiffs now arguing that their situation has changed since the Court's February 19, 2009 denial of their request for injunctive relief because they have reason to believe that the price they will be paid for their homes will not allow them to afford the purchase of new homes, and, thus, they will suffer irreparable injury should they be forced from their homes during the pendency of their appeal; and

Although plaintiffs have argued that their "irreparable injury" is more concrete than it was in February 2009, the Court finding that its reasoning in the February 19, 2009 Opinion on

4

the irreparable harm factor is still applicable (see Op. at 9-13); but

Even if the Court were to find that plaintiffs have demonstrated irreparable harm at this stage in the litigation, plaintiffs have not provided any new basis for the Court to reconsider its ultimate finding that plaintiffs have not presented any triable issues of material fact to support their FHA and other constitutional violation claims, thus demonstrating that plaintiffs have failed to satisfy the first preliminary injunction factor (see Plaintiffs' Letter Brief at 2, stating that they rely upon their previously submitted briefs in opposition to defendants' motions); and

Moreover, this Court finding that plaintiffs are effectively seeking to enjoin the Township from instituting eminent domain proceedings in New Jersey state court; and

The Court finding that plaintiffs have not provided a basis for this Court to do so, as it does not appear that the Township has actually filed an action in state court pursuant to the Eminent Domain Act, see N.J.S.A. 20:3-8 ("The action shall be instituted by filing of a verified complaint in form and content specified by the rules and shall demand judgment that condemnor is duly vested with and has duly exercised its authority to acquire the property being condemned, and for an order appointing

Case 1:08-cv-02584-NLH-JS   Document 121   Filed 01/31/11   Page 6 of 6 PageID: 5211

commissioners to fix the compensation required to be paid."),[1] and plaintiffs' claims in this case do not arise under the Eminent Domain Act, such that this Court can reconsider any decision on any alleged violations of the Act;

Accordingly,

**IT IS HEREBY** on this 31st day of January, 2011

**ORDERED** that plaintiffs' motion to stay pending appeal [117] is **DENIED**.

                                                                  s/ Noel L. Hillman

At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

[1] If the Township were to file a condemnation action in state court, federal abstention principles, such as those under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), and the Anti-Injunction Act, 28 U.S.C. § 2283, may then apply.