# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

|  |  |
|---|---|
| **MOUNT HOLLY GARDENS CITIZENS IN ACTION, INC., et al,** | |
| **Plaintiffs,** | **Civil No. 08-2584 (NLH/JS)** |
| **v.** | |
| **TOWNSHIP OF MOUNT HOLLY, et al,** | |
| **Defendants.** | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Mount Holly defendants' ("Mount Holly") March 13, 2013 letter brief application ("letter") [Doc. No. 158] regarding disputed language in the parties' proposed Discovery Confidentiality Order.[1] [2]  Specifically, the dispute involves Mount Holly's request that the Discovery Confidentiality Order include language that would not require it to produce to plaintiffs the information in its relocation files, which would enable plaintiffs to identify and locate relevant witnesses who were relocated from the neighborhood at issue to homes outside the neighborhood.  The moving parties already have access to this information.[3]

---

[1] The March 13, 2013, letter brief was submitted by counsel for the Mount Holly defendants. The Mount Holly defendants include the Township of Mount Holly, the Township Council, the Township Manager, the former Mayor, and the current Mayor.  In the letter, counsel stated that "all defendants agree this provision is critical."  Letter at 1.  Keating Urban Partners L.L.C. ("Keating") and Triad Associates, Inc. ("Triad"), the non-Mount Holly defendants, have not filed briefs on this issue.

[2] In their letters and briefs the parties sometimes refer to the Discovery Confidentiality Order as a protective order.  The Court will refer to the proposed order as a Discovery Confidentiality Order.  See L. Civ. R. 5.3(b)(4).

[3] Based on representations made during oral argument the Court believes Mount Holly and Triad have access to the relocation files.  The Court does not know if Keating has similar access to the files, although it suspects it does.  Whether Keating has access to the relocation files is immaterial to the Court's decision.

Plaintiffs oppose Mount Holly's application.[4]  At oral argument the parties were granted leave to file supplemental briefs, which the Court received.  [Doc. Nos. 174, 177].  For the following reasons Mount Holly's request is DENIED.

Background

        This case involves the proposed redevelopment of Mount Holly Gardens (the "Gardens"), a neighborhood located in Mount Holly Township, New Jersey.  The Gardens is an ethnically diverse neighborhood whose residents are predominately low income African-American and Hispanic families.  Third Amended Complaint ¶ 1 [Doc. No. 157].  Plaintiffs brought suit alleging Mount Holly's redevelopment plan for the Gardens violates the Fair Housing Act ("FHA"), the Civil Rights Act of 1866, the Equal Protection and Due Process clauses of the Fourteenth Amendment, the Equal Protection Clause of the New Jersey Constitution, and various New Jersey statutes.[5]  Plaintiffs allege the redevelopment plan has a disparate impact on their minority community.  See generally Third Amended Complaint.  Plaintiffs alleged that if the redevelopment proceeded, hundreds of affordable residential homes would be destroyed and replaced with new housing that is unaffordable for Gardens residents.  Plaintiffs also allege the redevelopment will occur "without providing replacement housing that is affordable to most such households."  Id. ¶ 202(c).  Further, plaintiffs allege that "many former Gardens residents who moved out of the Gardens under threat of condemnation or eviction have not been able to find

_____

[4] Plaintiffs' initial objections to the disputed language were included in the March 13, 2013 letter brief.  See Letter at 2-3.
[5] Plaintiffs are Mount Holly Gardens Citizens in Action, a voluntary non-profit corporation consisting of Gardens residents, and individually named Gardens residents.  See Third Amended Complaint ¶ 11.  Thirty-eight Gardens residents are individually named plaintiffs.  See id.  The parties, however, recently indicated this number is likely to change.

comparable housing at locations as desirable as the Gardens community and have been forced to live under worse conditions and/or pay higher housing costs." Id. ¶ 197.[6]

A component of the redevelopment plan consisted of relocating Gardens residents to different residences outside of the Gardens neighborhood.   To foster relocation efforts defendants created a Relocation Office, where residents of the Gardens interested in leaving the neighborhood could go for assistance.  Defendants' Supplemental Brief in Support of Discovery Confidentiality Order ("Brief") at 6 [Doc. No. 174].  To receive relocation benefits from the Relocation Office, Gardens residents were required to provide personal information to defendants, including their new address, phone number and financial information.  Id. at 12. Mount Holly argues former Gardens residents provided this information under the condition it remain private and would not be disclosed without their consent to anyone other than its employees and representatives.  Id. at 7; Affidavit of Marcia Holt ¶¶ 7-9 [Doc. No. 174-1]. Mount Holly alleges that many Gardens residents have successfully relocated to housing outside the Gardens.  Brief at 15.

---

[6] On January 3, 2011, the Honorable Noel L. Hillman granted defendants' motions for summary judgment, which were converted from motions to dismiss, and dismissed plaintiffs' claims.  See Mount Holly Citizens in Action, Inc. v. Township of Mount Holly, No. 08-2584 (NLH)(JS), 2011 WL 9405 (D.N.J. Jan. 3, 2011).  As to the FHA claim, Judge Hillman determined that plaintiffs failed to establish a prima facie case of disparate impact under 42 U.S.C. § 3604(a), and failed to rebut Mount Holly's legitimate interest in redeveloping the area.  Id. at *2-6.  On appeal, the Third Circuit determined plaintiffs established a prima facie case of disparate impact under the FHA.  See Mount Holly Gardens Citizens in Action, Inc. v. Township of Mount Holly, 658 F.3d 375, 382-85 (3d Cir. 2011).  The Third Circuit also determined there were genuine issue of material fact as to whether the Township met its initial burden of showing there was no less discriminatory alternative to its redevelopment plan.  Id. at 386-87.  As a result, the Third Circuit remanded plaintiffs' FHA claims for further proceedings.  Id. at 387.  Defendants appealed this decision, and the Supreme Court recently granted defendants' petition for certiorari.  Mount Holly, NJ v. Mount Holly Gardens Citizens, --- S. Ct. ---, 2013 WL 2922132, at *1 (June 17, 2013).

The parties were ordered to serve the Court with a Discovery Confidentiality Order or "a copy of the latest version of the Order with a list of the issues in dispute." See February 28, 2013 Order [Doc. No. 154]. Mount Holly provided a copy of a proposed order and a letter explaining the parties' dispute. The parties agree on the text of the proposed Discovery Confidentiality Order except for one paragraph, which addresses the release of confidential information of non-parties who relocated from the Gardens. The confidential information is the information plaintiffs need to identify and locate the former residents of the Gardens who relocated. The information is contained in the files compiled by the Relocation Office. See March 13, 2013 Letter Brief from Defendants ("Letter") [Doc. No. 158]. Mount Holly originally proposed that before plaintiffs could contact relocated residents they needed approval from the defendants or the Court. Mount Holly proposed the following paragraph:

> [Plaintiffs'] Counsel shall not contact any person identified in any relocation files, unless the person is a named Plaintiff. If [plaintiffs'] Counsel wishes to contact any other person identified in any relocation files, they must obtain consent of all Parties or petition the Court for permission and demonstrate why the information sought is relevant and why it cannot be obtained from any other source.

See Proposed Discovery Confidentiality Order ¶ 7 [Doc. No. 158-1]. In its supplemental brief Mount Holly revised the disputed language and now proposes that it be authorized to withhold the names and last known addresses of the relocated residents. Mount Holly's proposed paragraph now reads:

> Each Defendant shall be entitled to redact from any Confidential Documents, including but not limited to Relocation Files, that are produced, the names, addresses, and any other personal identifying information such as names, addresses, telephone numbers, social security numbers, driver's license numbers, credit card numbers or other account numbers, including bank account numbers, or any other information that can be used to uniquely identify, contact, or locate a single Person or that can be used with other sources to uniquely identify a single Person, for any former Gardens resident who has relocated from the Gardens. (emphasis supplied)

Brief at 1.  If approved, Mount Holly's language would bar plaintiffs from obtaining information that would enable them to learn the names and present locations of the relocated residents. Mount Holly argues its proposed paragraph is necessary to adequately protect the confidentiality rights of non-party former Gardens residents who provided personal information to the Relocation Office.  Further, Mount Holly argues the former Gardens residents are fearful of harassment because they left the Gardens.   Mount Holly also argues the former Gardens residents would be subject to embarrassment if plaintiffs are given access to the complete relocation files, due to the personal nature of the information contained therein.  As a result, Mount Holly argues there is good cause to include its proposed paragraph in the parties' Discovery Confidentiality Order, which, as noted, would authorize defendants to redact all personal information from their relocation files, including the names of former Gardens residents and their new addresses.  Id. at 15-20.

Plaintiffs argue the personal information Mount Holly seeks to withhold is discoverable because it is relevant to the claims and defenses in the case.  Specifically, plaintiffs seek to verify Mount Holly's claim that numerous Gardens residents have successfully relocated.[7]  Plaintiffs' Response Brief in Opposition to Discovery Confidentiality Order ("Response") at 4-6 [Doc. No. 177].   Plaintiffs argue that providing their counsel with the names and addresses of former Gardens residents will allow them to contact these individuals.  As a result, plaintiffs allege, they will "discover genuine issues of material fact, including whether [former residents] had been provided adequate relocation assistance, felt improperly pressured to leave, and had been relocated outside of the Township."  Id. at 5.  Plaintiffs agree the relocation files contain personal

---

[7] The Third Circuit stated there were genuine issues of material fact as to whether the defendants' relocation efforts were adequate "that must be resolved through further discovery on remand."  Mount Holly Gardens Citizens in Action, Inc., 658 F.3d at 387 n. 10.

information that should not be disclosed to the public.[8]  Plaintiffs, however, argue that Mount Holly has not established the necessary good cause to withhold relevant information from the relocation files that will only be reviewed by plaintiffs' counsel.  As a result, plaintiffs argue, the proposed order should allow them full access to the relocation files while prohibiting disclosure to the general public.  Id. at 7-10.

Discussion

Pursuant to Fed. R. Civ. P. 26(c) the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Courts have discretion in determining whether good cause for the entry of a protective order exists.  Pansy v. Borough of Stroudsburg, 23 F.3d 772, 789 (3d Cir. 1994) (internal citations omitted).  "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure."  Id. at 786 (internal citations omitted).  Further, "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing."  Id. (quoting Cipollone v. Liggett Grp, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)).  As a result, to establish good cause a party must specifically explain the injury that would result if a protective order were not entered.  Clark v. Prudential Ins. Co. of Am., No. 08-6197 (DRD), 2011 WL 1833355, at *4-5 (D.N.J. May 13, 2011).  Courts then engage in a balancing test, weighing "the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled."  Pansy, 23 F.3d at 787.  For the balancing test courts may also consider the following list of non-exhaustive factors:

---

[8] The parties agree the Discovery Confidentiality Order should prohibit any personal information contained in the relocation files from public disclosure.  See Response at 8-9; see also Proposed Discovery Confidentiality Order ¶ 2 ("Because of the highly sensitive personal information in the relocation documents, all relocation documents shall be designated "Attorney's Eyes Only" *even if the documents are not so marked or labeled.*").

> 1) whether disclosure will violate any privacy interests; 2) whether the information is being sought for a legitimate purpose or for an improper purpose; 3) whether disclosure of the information will cause a party embarrassment; 4) whether confidentiality is being sought over information important to public health and safety; 5) whether the sharing of information among litigants will promote fairness and efficiency; 6) whether a party benefitting from the order of confidentiality is a public entity or official; and 7) whether the case involves issues important to the public.

Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995).  If a court ultimately determines there is good cause to issue a Discovery Confidentiality Order, it has wide latitude to tailor the order to the circumstances of the case.  See Fed. R. Civ. P. 26(c); Campbell v. Sedgwick Detert, No. 11-642-ES-SCM, 2013 WL 1314429, at *8 (D.N.J. Mar. 28, 2013).

The Court finds that Mount Holly has failed to demonstrate good cause to include its proposed language in the parties' Discovery Confidentiality Order.  The parties do not dispute that the personal information in the relocation files should not be disclosed to the public.  However, since the personal information in the relocation files is relevant to claims and defenses in the case, it must be produced to plaintiffs.  See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including . . . the identity and location of persons who know of any discoverable matter.").  Apart from the fact that the disputed information is relevant, it would be fundamentally unfair for defendants to know the names and current locations of relevant witnesses while denying plaintiffs access to the same information.

Mount Holly argues disclosing the personal information in the relocation files will violate the privacy interests of non-party former Gardens residents.  Mount Holly argues the former residents have a reasonable expectation of privacy because the defendants assured them that their personal information would remain confidential.  Brief at 6-7; Affidavit of Marcia Holt ¶¶ 7-9.  However, Mount Holly's assurances do not trump the discovery provisions in the Federal Rules

7

of Civil Procedure.  If a defendant's assurances of privacy could operate as a roadblock to the discovery of relevant information, it would create a discovery exception that does not exist in the Federal Rules.  If Mount Holly's past assurances could block relevant discovery here, parties are likely to give similar assurances in other cases where they are reluctant to disclose the identities and locations of relevant witnesses.  This would wreak havoc with the concept of broad and liberal discovery under the Federal Rules.  See Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999) ("It is well recognized that the federal rules allow broad and liberal discovery.").

Plaintiffs have established why the requested information is relevant.  Amongst other reasons, the information will be used to identify and locate relevant witnesses.  Since the information is relevant it must be produced.  While Mount Holly's concerns for the protection of the former Gardens residents' privacy interests is legitimate, its concerns are overblown.  The personal information will only be used by plaintiffs' counsel to locate former Gardens residents for this litigation.  Therefore, providing plaintiffs' counsel with the complete relocation files will only minimally compromise the former residents' privacy expectations.  None of the personal information will be released to the public, and none of the information will be used for an illegitimate purpose.  It is not sufficient for defendants to produce their relocation files but yet redact the identifying information for the relocated residents.  If they so choose, plaintiffs have a right to interview (or depose) the witnesses.  Plaintiffs are not bound to accept Mount Holly's assurances that its relocation efforts were properly done and the relocated residents are satisfied with their new accommodations.

Mount Holly argues that allowing plaintiffs' counsel full access to the relocation files would violate former Gardens residents' privacy because the personal information would be redacted if the files were produced pursuant to a request under the Open Public Records Act

("OPRA"), N.J.S.A. 47:1A-1, et seq.  Brief at 7.  Mount Holly's reliance on OPRA is misplaced. The provisions of OPRA do not limit the discovery plaintiffs may obtain in the case.  See V.A. ex rel M.A. v. N.J. Nat'l Guard Challenge Youth Program, No. 06-347(RMB), 2007 WL 980453, at *2 (D.N.J. Mar. 29, 2007).  Because the present dispute involves whether plaintiffs' counsel will have full access to the relocation files for litigation purposes, OPRA is inapplicable. Mount Holly argues disclosure would violate former Gardens residents' constitutional right to privacy.  Brief at 12.  This argument is also misplaced because the non-party personal information will be provided to plaintiffs' counsel for litigation purposes only.  Therefore, former Gardens residents' right to privacy is not violated.  See C.M. v. Bd. of Educ. of Union Cnty. Reg'l High Sch. Dist., 128 Fed. Appx. 876, 883-84 (3d Cir. 2005) (finding that release of parents' personal information, including addresses, to individuals involved in IDEA litigation did not offend their constitutional right to privacy).

Mount Holly argues that plaintiffs can evaluate its relocation efforts without obtaining non-parties' names, addresses or other identifying information.  Mount Holly adds that plaintiffs "have no valid reason for seeking the names and addresses of non-party former residents."  Brief at 16.  The Court disagrees.  Plaintiffs have a right to speak with the relocated residents themselves.  Plaintiffs do not have to rely on Mount Holly's representations regarding what the relocated residents will say if interviewed.  Plaintiffs seek the names and other identifying information of former Gardens residents to ascertain whether relocation efforts were successful. Plaintiffs also want to identify and locate relevant witnesses in the case.  Although Mount Holly argues the redacted files are sufficient for plaintiffs' needs, without the complete files plaintiffs may be unable to ascertain the identities and current location of many former Gardens residents. Response at 21.  Because plaintiffs may be unable to identify and contact former Gardens

residents without the requested information, they are plainly seeking the information in the relocation files for a legitimate purpose. Mount Holly cites no case law to support an argument that plaintiffs must first show they are unable to locate the former residents before they can obtain discoverable information that may enable them to locate relevant witnesses.

Mount Holly argues disclosure would violate non-party former Gardens residents' privacy interests because the relocation files contain highly sensitive personal information, including financial information, medical conditions, and other family issues. As a result, Mount Holly argues, the non-parties would be subject to embarrassment if the files are released. Brief at 16. Mount Holly cites <u>Arnold v. Pa., Dep't of Transp.</u>, 477 F.3d 105, 109 (3d Cir. 2007) and <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 27-28 (1984) to support its argument. In <u>Arnold</u> and <u>Seattle Times Co.</u>, however, the issue was whether non-parties' personal information would be disclosed to the public. Here, because the relocation files will only be disclosed to plaintiffs' counsel, Mount Holly's concerns, as well as those of the former residents, are alleviated.

Mount Holly argues many former Gardens residents expressed concern about being harassed because they left the Gardens. Mount Holly alleges there is "bad blood" and hostility between current and former Gardens residents. Affidavit of Marcia Holt ¶¶ 11-13. Mount Holly further argues that former Gardens residents view being contacted by plaintiffs or their counsel as harassment. Brief at 19-20. However, this is the type of broad, unsubstantiated allegation of harm specifically rejected by the Third Circuit. Case law requires specificity; a general allegation of potential harm is insufficient. <u>Pansy</u>, 23 F.3d at 786. Further, being contacted by an attorney or her representative to speak about litigation is not a serious harm that bars the production of relevant information. While the former Gardens residents may prefer not to be contacted about this litigation, this does not bar the production of relevant information that could

10

assist plaintiffs in locating relevant witnesses.  If a witness' reluctance to be contacted about a litigation he is not involved in could bar the discovery of relevant witness information, it would not be an exaggeration to predict that most third-party witnesses would not be identified.  This is anathema to how the discovery provisions of the Federal Rules work.

Last, Mount Holly argues that releasing personal information in the relocation files would chill relocation efforts for the remaining Gardens residents.  Brief at 17-18.  Mount Holly provides no support for this argument.  Again, this is the type of broad, unsubstantiated allegation of harm specifically rejected by the Third Circuit.  Pansy, 23 F.3d at 786.

Conclusion

The legal issue the Court has to address boils down to the question of whether Mount Holly may withhold relevant information because years ago it may have given non-binding assurances to Gardens residents that the information would not be disclosed to third persons. The question begets the answer.  Mount Holly may not withhold from discovery relevant non-privileged information that permits plaintiffs to identify and locate relevant witnesses.[9]

## **ORDER**

Accordingly, and for all the foregoing reasons,

IT IS HEREBY ORDERED this 24th day of June, 2013, that Mount Holly's March 13, 2013 letter brief application [Doc. No. 158] requesting the Court to order that the parties' Discovery Confidentiality Order include its proposed language in paragraph seven is DENIED; and it is further

---

[9] To be sure, there may be instances where a witness has a legitimate concern for his or her safety or well-being that would limit the discovery of his or her identity or present whereabouts. However, for such an order to be entered corroborating evidence would have to be provided, instead of the vague hearsay statements Mount Holly relies upon.

ORDERED that the Discovery Confidentiality Order must allow plaintiffs full access to the relocation files.  All personal identifying information in the relocation files shall be designated as Attorney's Eyes Only and shall only be used to assist plaintiffs to identify and locate the relocated Gardens residents; and it is further

ORDERED that by July 15, 2013, the parties shall serve the Court with an agreed upon Discovery Confidentiality Order consistent with this Order, with an affidavit that complies with L. Civ. R. 5.3(c).

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge