[Doc. Nos. 258 and 259]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

MT. HOLLY GARDENS CITIZENS IN
ACTION, INC., et al.

                Plaintiffs,

    v.

TOWNSHIP OF MOUNT HOLLY, et al.

                Defendants.

Civil No. 08-2584 (NLH/JS)

**ORDER**

This matter is before the Court on the "Motion Against Defendant Township of Mount Holly for a) Enforcement of Order, Entered November 15, 2013; for b) Sanctions; for c) Extension of Time Period in Which this Court Shall Retain Subject Matter Jurisdiction for Enforcement of November 15, 2013 Order from December 31, 2019 until March 31, 2020; and for d) Attorney's Fees Incurred by Plaintiff Angel L. Vera in Connection with the Litigation of this Motion" ("Motion") [Doc. Nos. 258 and 259] filed by plaintiff Angel L. Vera ("Vera"). The Court received the opposition of the Township of Mount Holly ("Township") [Doc. No. 261] and exercises its discretion not to hold oral argument. FED. R. CIV. P. 78; L; L. CIV. R. 78.1. The parties consented to the jurisdiction of this Court to decide this motion. See Doc. No. 262. For the reasons to be discussed in this Order, Vera's motion is DENIED.

Background

This litigation has a long and complicated fact and procedural history which has been previously set forth in several opinions throughout the course of this litigation, therefore, the Court will provide an abbreviated version as is relevant to this motion.

The initial complaint in this matter was filed on May 27, 2008 and addressed the redevelopment of Mount Holly Gardens (the "Gardens"), an ethnically diverse low-income neighborhood in Mount Holly, New Jersey. See Compl. [Doc. No. 1]. Plaintiffs generally alleged the redevelopment plan for the Gardens violated the Fair Housing Act and their constitutional rights. Id. Vera was added to the case as a named plaintiff in the third amended complaint filed on March 12, 2013. See Third Am. Compl. [Doc. No. 157].

After extensive negotiations, the parties reached a settlement which is memorialized in a lengthy and complex "Global Settlement Agreement" ("GSA") executed in or about November 2013. See Global Settlement Agreement ("GSA") [Doc. No. 215-1]. Vera signed the GSA on November 1, 2013. Contrary to the assertion in Vera's motion, the language in the GSA confirms that Vera was represented by counsel during the litigation in chief and in connection with the negotiation and execution of the GSA. See Certification of Joshua Brown, Township Manager at ¶6; see also GSA § 4.26.3 at 17. ("All parties are represented by counsel with

regard to the preparation of this Settlement Agreement …."). Per the GSA, plaintiff exchanged her home located at 315 South Martin Ave. for 56 Lewis Drive. See GSA.  Approximately twenty (20) plaintiffs agreed to essentially the same settlement terms. Id. Vera's closings occurred on May 11, 2018. Id.

The parties' dispute involves Vera's claim that the Township is liable to pay the attorney's fees ($6,644.00) he incurred in connection with the lawyer he hired for his closings. Vera relies on Section 4.26 of the GSA to support his motion which states in relevant part:

> 4.26  The replacement home closings shall be conducted so as to ensure that the replacement group plaintiffs do not bear added expenses for the transaction but meet their obligations as purchasers of the replacement homes.
>
> 4.26.1 The Township shall require the additional redeveloper to be liable for all closing and settlement costs customarily assumed by the seller in a Southern New Jersey real estate transaction…. The Township shall be liable for all other closing and settlement costs, …. (emphasis supplied).

See Mot. Br. at 8 [Doc. No. 259-2]. Plaintiff argues his legal fees are a closing cost the Township contracted to pay. Id.  Not surprisingly, the Township disagrees.  The Township argues that contrary to the statements in Vera's motion, plaintiff was represented by counsel during the litigation. See Opp'n at 6.  The Township also argues it did not pay any other plaintiff's attorney's fees in connection with a closing which demonstrates it

3

has no obligation to pay for Vera's fees. Id. at 8-14. Most importantly, the Township argues the GSA does not provide for the payment of Vera's closing attorney's fees and this was not the intent of the parties. Id. Having carefully considered the entire record, and for the reasons to be discussed, the Court rules in the Township's favor and denies Vera's motion.

Discussion[1]

At bottom, the Court must interpret the parties' contract to decide if the Township is responsible for the attorney's fees Vera incurred in connection with his real estate closings. The construction and enforcement of the parties' settlement agreement is governed by principles of New Jersey contract law. Vandergrift v. Pennsauken School District, et al., C.A. No. 12-7646 (JS), 2017 WL 6566139, at *3 (D.N.J. Dec. 22, 2017). When interpreting the terms of a contract, the writing must be interpreted as a whole and the terms of the contract must be given their plain and ordinary meaning. Nester v. O'Donnell, 693 A.2d 1214, 1220 (N.J. Super. A.D. 1997). The Court should not torture language to create

---

[1] The Court finds that it has jurisdiction to decide the subject motion. The Court's November 15, 2013 Order at paragraph 3 [Doc. No. 215] provides that the Court retains jurisdiction until December 31, 2019 to enforce the terms of the GSA. Since Vera's motion was filed on December 31, 2019, the Court may decide the present dispute. Further, the Court declines to address the Township's argument that Vera's attorneys have a conflict of interest. If the Township intends to pursue this issue, it must file a motion to disqualify counsel.

an ambiguity where one does not exist.   Schor v. FMS Financial
Corp., 814 A.2d 1108, 1112 (N.J. Super. A.D. 2002).

The Court finds the language in the GSA supports the
Township's position that it is not responsible for Vera's
attorney's fees.  The term "costs" in Section 4.26 of the GSA means
what it says. The term "costs" refers to costs, not attorney's
fees.  There is nothing in the language of the GSA to indicate
that the term "costs" should be given anything other than its plain
meaning. Vera does not point to any provision in the GSA that
specifically requires that his attorney's fees be paid.  Nor does
Vera cite to a single case supporting his position. Given the
length and complexity of the GSA, and the fact that numerous
experienced attorneys drafted the GSA, if the parties' intended
that the attorney's fees incurred at closing by a homeowner's
attorney be paid by the Township, this would have been specifically
stated.  The fact that there is not a single reference to the
payment of a plaintiff's attorney's fees in the GSA is compelling.
The Court will not read into the GSA a provision or requirement
that does not exist.  It is not insignificant that Vera appears to
be the only one of the multiple plaintiffs in this litigation who
made a separate claim for attorney's fees.  The fact that the
plaintiffs' attorneys who negotiated the contract did not make a
claim for fees, demonstrates the parties did not intend for these
fees to be paid by the Township. Significantly, Vera did not

include anything to support his interpretation of the GSA from the plaintiffs' attorneys who negotiated the GSA and represented Vera in the underlying litigation. This absence is telling.

Vera argues the Township agreed to pay all of his closing costs which include attorney's fees. If the Court accepted this literal argument it would lead to an absurd result. For example, Vera could claim the Township must pay his transportation costs to the closings or perhaps his meal expenses for the day. The Court will not interpret the GSA to require this absurd result. See Educational Impact, Inc. v. Danielson, et al., C.A. No. 14-937 (FLW)(LHG), 2015 WL 381332, at *7 (D.N.J. Jan. 28, 2015) (courts should avoid interpreting a contract in a manner that would lead to an absurd result); see also Princeton v. Mercer County, 755 A.2d 637, 645 (N.J. Super. A.D. 2000), aff'd, 169 N.J. 135 (2001) ("Literalism must give way to context").

Had the parties intended that Vera's attorney's fees be paid, this should have and would have been specifically set forth in the GSA. This was not done. Section 4.26 in the GSA only applies to costs normally associated with a closing, such as taxes, closing fees, recording fees, etc. The attorney's fees Vera voluntarily incurred are not the sort of costs covered by the GSA.

Since Vera's request to enforce the GSA is denied, it necessarily follows that his request for sanctions and fees are also denied.

Accordingly, for all the foregoing reasons,

IT IS HEREBY ORDERED this 23rd day of July, 2020, that plaintiff Angel Vera's "Motion Against Defendant Township of Mount Holly for a) Enforcement of Order, Entered November 15, 2013; for b) Sanctions; for c) Extension of Time Period in Which this Court Shall Retain Subject Matter Jurisdiction for Enforcement of November 15, 2013 Order from December 31, 2019 until March 31, 2020; and for d) Attorney's Fees Incurred by Plaintiff Angel L. Vera in Connection with the Litigation of this Motion" ("Motion") [Doc. Nos. 258 and 259] is DENIED.

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge
